JOHN BURT *vs.* WILLIAM S. MYER and THOMAS R. MYER, partners, trading as W. S. MYER & BRO.

### *Implied contract—Gambling contract.*

While it is true that where there is a failure to prove a special contract, the law will imply a contract by the parties to do what *ex æquo et bono* they ought to do; yet this implication must be a reasonable deduction from the evidence, and it cannot be made when the evidence tends to one of two diverse special contracts, and to no other result.

Where by a contract to purchase wheat, to be delivered at a future day, it is not the intention of either the principal or his broker that the wheat purchased by the latter for account of the former should be actually delivered, but it is the intention and understanding of the parties respectively, that only the difference between the cost of the wheat and the amount realized from its sale shall be settled in money, such contract is a gambling contract, condemned by the law, and the principal cannot on a breach of the contract recover the money he paid the broker.

APPEAL from the Superior Court of Baltimore City.

John Burt brought an action of assumpsit against William S. Myer and Thomas R. Myer, partners, trading as W. S. Myer and Brother.—The declaration contained a count on a special contract, which will be more particularly noticed hereafter, and counts for money had and received, on accounts stated, and for goods bargained and sold. The evidence on the part of the plaintiff tended to prove the special contract set out in the first count, and the breach of it by the defendants; and also that they were indebted to the plaintiff on account of the purchase of a quantity of corn from him. The evidence on the part of the defendants tended to disprove this special contract, but set up another and different contract, contained in certain letters which passed between

the parties, and tended to prove that there was no other contract between them, except such as was shown by these letters. A considerable number of letters were produced and proved. A portion of the correspondence tended to show that the price of the corn purchased from the plaintiff had been accounted for by the defendants, and settled by them in their dealings with the plaintiff. The letters are as follows:

WESTMINSTER, MD., April 14, 1885.

W. S. Myer & Bro.,

Dear Sirs:—Please send by bearer 50 lbs. wheat bran, and charge to my account. Can you sell me 1,000 bushs. choice Fultz wheat stored at your mill, for cash, and if so, the price?

Truly yours,      JOHN BURT.

Wm. S. Myer.      Thos. R. Myer.

WESTMINSTER FLOURING MILLS,

*W. S. Myer & Bro., Proprietors.*

WESTMINSTER, MD., April 15th, 1885.

Mr. Jno. Burt, Westminster, Md.,

Dear Sir:—When your note of yesterday reached us our senior was in Baltimore, and our book-keeper did not know what answer to send you. We now write to say, that we do not wish to dispose of any of the wheat we have in our elevator, as we think it good stock. If you wish however to buy a lot on speculation we can buy you 5,000 bush. option wheat in Baltimore market, all this will cost you will be $\frac{1}{4}$c. per bushel commission, and all the money we will require will be a margin of 5c. per bushel, or $250.00 on the 5,000 bush.; of course if market goes in your favor this is returned to you with the profit on the investment.

If you are inclined to purchase, we will be pleased to handle deal for you.

Market closes this evening firm at 1:00¼ for May; 1.02½ for June; 1.04¾ for July.

<div align="center">Respy. yours,      W. S. MYER & BRO.</div>

<div align="center">WESTMINSTER, MD., April 17, 1885.</div>

W. S. Myer & Bro.,

Dear Sirs:—Your favor of the 15th inst. rec'd yesterday. I am obliged to you for your suggestions.

I have a little money laying idle, and I thought some wheat carried along with the few hundred bushs. I have with you might earn me something as easily as raising it, and to buy it delivered would put it in tangible shape.

I never bought grain or stocks on margin or option, and have always said I would not take the risk, with the usual results in the long run to small operators. You put the matter rather enticingly. I would be very strongly minded to try the little margin required for 5,000 bushs., providing there was a reasonable guarantee that the wheat would be furnished or delivered according to the contract.

Are the parties you would buy of entirely responsible? If so, I will deposit $250 with you.

<div align="center">Truly yours,      JOHN BURT.</div>

Wm. S. Myer.      Thos. R. Myer.

<div align="center">WESTMINSTER FLOURING MILLS,<br>*W. S. Myer & Bro., Proprietors.*</div>

<div align="center">WESTMINSTER, MD., April 20th, 1885.</div>

Mr. John Burt, Westminster, Md.,

Dear Sir:—Your esteemed favor of the 17th inst. to hand, and noted.

There would be no doubt of your receiving the wheat purchased, though it would not be necessary for you to take the wheat, as it would only be an option deal, which could be closed out before date of delivery, though wheat would be delivered to you if you so desired.

Burt *vs.* Myer.

The $250.00 is only used as a bonus in case wheat should fall below the figure at which it was purchased.

In case you should have a profit in it when you close it out, the $250.00 would also be returned to you with whatever profit you may have had.

If you should be in the neighborhood of our office stop in, and we can explain more fully to you.

Respy. yours,          W. S. MYER & BRO.

Market closes easy at May, 98; June, 1.00¼; July, 1.02½.

WESTMINSTER, MD., April 30, 1885.

W. S. Myer & Bro.,

Dear Sirs:—I inclose check for $250, for you to buy 5,000 wheat option, for August delivery, if you think that best. I would like the advantage of your judgment, whether to buy immediately or wait a few days if the upward tendency appears too strong. In other words do for me as you think best.

Truly yours,          JOHN BURT.

P. S.—If further operations look desirable, please advise me.

Yours,          J. B.

Wm. S. Myer.          Thos. R. Myer.

WESTMINSTER FLOURING MILLS,

*W. S. Myer & Bro., Proprietors.*

WESTMINSTER, MD., May 1st, 1885.

Mr. John Burt, Westminster, Md.,

Dear Sir:—Your favor of the 30th to hand, enclosing check, which we have placed to your credit against 5,000 option July wheat, which we have bought at 1.05¾ and commission ¼, costing you in all 1.06; the market opened at about 1¾ lower than it closed last night, but on better advices we bought the above, which, in our judgment, seem like a very good purchase. We could not buy any

Burt *vs.* Myer.

August options and there was none offering, and for fear that the market would take a raise, we bought the July, which we trust will be satisfactory. Will keep you advised of the market and will act whenever you instruct us.

<div align="right">Very respy., W. S. MYER & BRO.</div>

Wm. S. Myer. Thos. R. Myer.
<div align="center">WESTMINSTER FLOURING MILLS,

*W. S. Myer & Bro., Proprietors.*

WESTMINSTER, MD., May 4, 1885.</div>

Mr. Jno. Burt, Westminster, Md.,

Dear Sir :—Since writing you last, the market has broken and has eased off to 1¼ for July to-night, owing to more peaceful news, no doubt, of which you have seen in the daily papers. We don't think that your purchase is a bad one, as we think that the short crop will make the market rally again. We, like yourself, bought 10,000 the same day, and at the same price you did. We still hold the same and have enough confidence to do so. We don't wish to advise you, but think that the market will soon rally and will then see higher prices than formerly.

Market closes : May, 97; June, 99¼; July 1.01¼. But if you wish to close your option out, you can instruct us to do so. Will keep your advised, and hope soon to report higher prices.

<div align="right">Very respy., W. S. MYER & BRO.</div>

<div align="right">WESTMINSTER, MD., May 5th, 1885.</div>

W. S. Myer & Bro.,

Dear Sirs :—Your favor of yesterday received this A. M. I took the chances, and I would be but a poor soldier if I do not take reverses with successes. You are modest in putting the thing, that if I want to hold the option I must increase the margin with you. I am inclined to

stick to the purchase. If you will advise me more fully about keeping up the margin, or the amount required from time to time, I will send you check for whatever you say. I do not get reports of sales as soon as you do, and you can send up messenger at my expense if at any time it seems necessary. I take the "Morning Herald," but it does not always reach me early in the day.

You are safe to advance money at any time to protect my interest as you think best, and I will reimburse you.

<div style="text-align:right">Very truly, yours, JOHN BURT.</div>

Wm. S. Myer. Thos. R. Myer.
<div style="text-align:center">WESTMINSTER FLOURING MILLS,<br>
*W. S. Myer & Bro., Proprietors.*<br>
·WESTMINSTER, MD., May 6, 1885.</div>

Mr. Jno. Burt, Westminster, Md.,

Dear Sir:—Yours of the 5th to hand, and contents noted. We did not for one moment think about you increasing your margin, but only wanted to get your views about the option. Your margin has never been all used yet, and you need not worry about the margin until we ask for it. Market opened this morning $1.01\frac{1}{2}$ for July sold up to $1.02\frac{1}{2}$, and closed steady at 1.02. We are still holding ours we have, and hope soon to see better prices. Will keep you advised, and when we want any margin will call on you. Since writing the above, have just received the last closing for the day, 1.02 for July, and market steady and quiet.

<div style="text-align:right">Very resly., W. S. MYER & BRO.</div>

<div style="text-align:right">WESTMINSTER, MD., May 7, 1885.</div>

W. S. Myer & Bro.,

Dear Sirs:—Am obliged for your favor of yesterday, just recd., and of the assurance that my margin is not exhausted. I will of course, protect you in any event, and however low it goes. If at any time within the next

thirty days you think the market favorable to buy on July or August option and you have confidence enough to buy yourselves, I will go another 5,000 bushs. and send you check.

Truly, yours, JOHN BURT.

Wm. S. Myer. Thos. R. Myer.
WESTMINSTER FLOURING MILLS,
*W. S. Myer & Bro., Proprietors.*
WESTMINSTER, MD., May 8, 1885.
Mr. Jno. Burt, Westminster, Md.,

Dear Sir :—Yours of the 7th to hand and contents noted. We don't think that it is yet time to buy any wheat, as the market is not settled yet, but will keep you advised. Market closes to-day very firm at higher figures. May 99; June $1.01\frac{1}{2}$; July $1.03\frac{1}{2}$. We hope that the market will still keep advancing and will settle down to a good basis.

Very respy., W. S. MYER & BRO.

Wm. S. Myer. Thos. R. Myer.
WESTMINSTER FLOURING MILLS,
*W. S. Myer & Bro., Proprietors.*
WESTMINSTER, MD., May 9th, 1885.
Mr. John Burt, Westminster, Md.,

Dear Sir :—We are pleased to report to you a decidedly better feeling in this wheat market. The market closing strong and firm at 1.01 for May; $1.03\frac{1}{8}$ for June; $1.05\frac{1}{4}$ for July.

This advance looks strong and healthy, based upon crop prospects, which are fully 10 *per cent.* below last month's showing. The report for May shows that we will not have over 70 *per cent.* to 75 *per cent.* of a full crop.

The market is just in that state that it is hard for us to advise or form an idea one way or the other. We do not wish you to lose a chance of making a good turn if

Burt *vs.* Myer.

there is to be a further advance, and yet we cannot see enough in the market just at present to make further purchases.

If you however feel that wheat is a good purchase and wish to take another option let us know, and we will be pleased to execute order for you.

Respy. yours.,          W. S. MYER & BRO.

WESTMINSTER, MD., May 10, 1885.

W. S. Myer & Bro.,

Dear Sir :—Your favor of the 9th was received this morning after I had mailed my note of this date to you.

I make this explanation as it might otherwise appear that I am fierce for speculation.   I am glad to hear that the market is getting settled, and that we are rapidly covering our lost ground.   I will wait with you.

Very truly yours,          JOHN BURT.

Wm. S. Myer.                              Thos. R. Myer.

WESTMINSTER FLOURING MILLS,

*W. S. Myer & Bro., Proprietors.*

WESTMINSTER, MD., May 11th, 1885.

Mr. John Burt, Westminster, Md.,

Dear Sir :—Your esteemed favor of this A. M. to hand, and carefully noted, and must thank you for your good opinion of our ability.

We will watch your interest closely, and trust we will be able to work your options so they will pay you a handsome profit.   We are waiting for a chance of again buying for ourselves, and when we think the time has arrived, will buy for you also.

The market to-day has been somewhat feverish and unsettled.   It opened this morning steady and firm at 1.04⅝ to ¾ for July; sold up strong and closed at the morning call firm at 1.05¼; this evening, however, it has eased off and closed steady at 1.04¾.   We think if

Burt *vs.* Myer.

the market should fall off to-morrow, and then show any signs of becoming firmer, it will be well to buy. With the present poor outlook for the coming crop, July wheat at 1.04 or 1.05 is not dear. Will let you know promptly when we buy for your ac.

<div align="right">Véry respy., yours,      W. S. MYER & BRO.</div>

<div align="right">WESTMINSTER, MD., May 11, 1885.</div>

[Answered.]

W. S. Myer & Bro.,

Dear Sirs:—Your advice is good that the market is not yet settled enough to buy, but when you think it appears reasonably safe you may put me in for 5,000 bushs. more. I will place the $250 in your hands now, or at any time you may suggest. The outlook in my little place for the coming crop is slim indeed.

<div align="right">Truly yours,      JOHN BURT.</div>

P. S. You will understand that I leave the matter to your judgment. I would not care to buy on a market that you do not or would not yourselves, and that is the best compliment I can pay to your business capacity.

<div align="right">J. B.</div>

Wm. S. Myer.             Thos. R. Myer.

<div align="center">WESTMINSTER FLOURING MILLS,<br>
<em>W. S. Myer & Bro., Proprietors.</em></div>

<div align="right">WESTMINSTER, MD., May 22, 1885.</div>

Mr. Jno. Burt, Westminster, Md.,

Dear Sir:—Since writing you last, the market has been fluctuating between 1.03 to 1.04¼ on a basis for July. Nothing at all doing, and really it is such a market you can hardly form an opinion of it. One day very firm and strong, and another very weak. To-day market opened firm, July 1.04, and closes this evening tame and easy at 1.03½ for July. Will keep you advised,

and when we can see anything like a good market will let you hear from us.

<div align="right">Very resly.,      W. S. MYER & BRO.</div>

<div align="right">WESTMINSTER, MD., May 23, 1885.</div>

W. S. Myer & Bro.,

Dear Sirs:—Your favor of yesterday received, for which I thank you. The outlook seems uncertain for a change either way. I notice by to-day's paper a speck of war cloud, but whether it will loom up into much, remains to be seen. Whether to buy or not to buy more I leave with you, and will remit when notified.

<div align="right">Truly yours,      JOHN BURT.</div>

Wm. S. Myer.          Thos. R. Myer.

<div align="center">WESTMINSTER FLOURING MILLS,

*W. S. Myer & Bro., Proprietors.*

WESTMINSTER, MD., May 28th, 1885.</div>

Mr. Jno. Burt, Westminster, Md.,

Dear Sir:—We can only report the wheat market as being in a very depressed state, and growing weaker every day.

Market closed to-day at 95⅝ for June; 99 for July.

The heavy decline for past few days is owing in a great measure to the absence of any foreign demand whatever, and the efforts of holders of June wheat are making to get rid of that option. We think, however, as soon as the long June interest is closed out, say a week or ten days from now, there will be a decided reaction, and prices will advance some little, though there is but little encouragement at present for a rapid advance. We think, if the market should show any strength in next day or two, it would be advisable for you to buy another July or August option at these low figures, thus making a good average that may enable you to work out of the

Burt *vs.* Myer.

July deal without a loss. Would like to have your ideas on this.

<div align="right">Very respy., yours,      W. S. MYER & BRO.</div>

<div align="right">WESTMINSTER, MD., May 29, 1885.</div>

W. S. Myer & Bro.,

Dear Sirs:—Wheat has a pretty black eye, as I had noticed before receiving your favor last evening.

It hardly seems possible it can go much lower, or remain even where it is. I wish to do what you do for yourselves in the matter of buying more. Should you think it best to buy I will drop you check on notice. My margin is more than cleaned out, and I will make that good whenever you say.

Am obliged to you for your interest, that I shall not be left out in the cold.

<div align="right">Truly yours,      JOHN BURT.</div>

Wm. S. Myer.      Thos. R. Myer.
<div align="center">WESTMINSTER FLOURING MILLS,<br>
<em>W. S. Myer & Bro., Proprietors.</em></div>

<div align="right">WESTMINSTER, MD., June 1st, 1885.</div>

Mr. Jno. Burt,

Dear Sir:—We can supply you with all the fertilizers you want, they all come in 200 lbs. to the sack. No wheat market Saturday, but closed on Friday about $\frac{1}{2}$ off of Thursday. Prices about steady. Will let you know when we act.

<div align="right">Very resly.,      W. S. MYER & BRO.</div>

Wm. S. Myer.      Thos. R. Myer.
<div align="center">WESTMINSTER FLOURING MILLS,<br>
<em>W. S. Myer & Bro., Proprietors.</em></div>

<div align="right">WESTMINSTER, MD., June 8, 1885.</div>

Mr. Jno. Burt, Westminster, Md.,

Dear Sir:—We have bought to-day for your account 5,000 October wheat at 1.05¾, commissions ¼, costing

you net 1.06, as per your instructions to act for you when we did for ourselves. Market very firm, and we think that now we can feel well that we have a very good chance of a very fair profit. We have been called on for margin for the above for $250.00, and if convenient, please send us your check for the above amount. We also bought for our own acct. 10,000, the same price as your own. We hope that this deal will prove beneficial to us both. We still hold on to your July wheat in hopes of making a profit out of it also. Awaiting your further favors,

<div align="right">We are truly yours, W. S. Myer & Bro.</div>

<div align="right">Westminster, Md., June 9, 1885.</div>

W. S. Myer & Bro.,

Dear Sirs;—Your esteemed favor of yesterday just recd. I am glad you think it a good time to strike and inclose you my check for $250 for the Oct. option. Hope we will clear ourselves on the July and do well on this.

<div align="right">Very truly, yours, John Burt.</div>

Wm. S. Myer. Thos. R. Myer.

<div align="center">Westminster Flouring Mills,

*W. S. Myer & Bro., Proprietors.*</div>

<div align="right">Westminster, Md., June 10, 1885.</div>

Mr. John Burt, Westminster, Md.,

Dear Sir:—We are in receipt of your favor of the 9th, enclosing check $250.00, which we have placed to your credit. The market closes very firm at 98½ for July, and October 1.06½ to 1.07. Will keep you advised.

<div align="right">Very respy., W. S. Myer & Bro.</div>

<div align="right">Westminster, Md., June 22, 1885.</div>

W. S. Myer & Bro.,

Dear Sirs:—Yours of Saturday received. Clean out my July wheat any day you think best, and send me word of what is due.

There seems to be some activity in corn, and I would like to sell what I have on storage with you—400 bushs.—as soon as it appears to be the top, or in a week or two.

Truly yours,                    JOHN BURT.

Wm. S. Myer.                         Thos. R. Myer.
           WESTMINSTER FLOURING MILLS,
       *W. S. Myer & Bro., Proprietors.*
           WESTMINSTER, MD., June 20th, 1885.
Mr. John Burt, Westminster, Md.,

Dear Sir:—We regret we cannot report any improvement in the wheat market to day. In fact it has closed up to-day very weak. July, $95\frac{1}{4}$; August, $98\frac{3}{4}$; Sept., 1.02; October, $1.04\frac{1}{2}$. As we lack an export demand, our stocks are increasing weekly, hence near by options have but little chance of improving. Our ideas about the July wheat we hold, is to sell it now on the first advance we may have next week. We shall do the same with yours, unless you instruct us to the contrary. We think it well to take our losses in now, as the prospects are we will have to sell for less money if we hold on to it until the end of the month. We trust however, when the Fall trade opens there will be a good foreign demand and we will be able to make up our losses on the October wheat.

Respy. yours,        W. S. MYER & BRO.

           WESTMINSTER, MD., June 27, 1885.
W. S. Myer & Bro.,

Dear Sirs:—I have not seen this morning's paper yet for sales of wheat yesterday, but the market to and including Thursday, for the week has been bad enough. I trust you will get us out of the July as well as possible. I don't want the wheat.

Truly yours,                    JOHN BURT.

Burt *vs.* Myer.

Wm. S. Myer.                                     Thos. R. Myer.
  *W. S. Myer & Bro., Proprietors.*
                                 WESTMINSTER, MD., June 29, 1885.
Mr. John Burt, Westminster,

Dear Sir:—We hand you herewith acct. of your July deal in wheat, leaving a balance to your debit of $450.00. We closed deal out this morning, and regret it resulted in a loss to you; this, however, could not be controlled by us. We had 10 m. of our own that we closed out at the same loss. Our intention now is to buy in 5 m. more October and take in any small profit we may have in it. As wheat must react some from these low figures. Will do the same for you if we do not hear from you to the contrary. The market closed firmer this evening on more war complication rumors from Chicago. July closing at 92¼.

Though you have a loss in the October option at present, we think there is but little doubt a turn can be made on this deal.

    Respy. yours,   W. S. MYER & BRO.

      WESTMINSTER, MD., June 30, 1885.
W. S. Myer & Bro.,

Dear Sirs:—Yours of yesterday with statement on July option at hand.

I am sorry our balance was not the other way, but as it is will make the best of it. I enclose check for debit on the transaction.

I would like to sell the 400 bushs. yellow corn I have stored with you, at as good a price as it will probably reach before next crop. You may think it a good time now.

You may count me in with yourselves in another lick for Oct. or later when the chances are good.

    Truly yours,   JOHN BURT.

Burt *vs.* Myer.

Wm. S. Myer.                     Thos. R. Myer.
WESTMINSTER FLOURING MILLS,
*W. S. Myer & Bro., Proprietors.*
WESTMINSTER. MD., July 1st, 1885.
Mr. John Burt, Westminster, Md.,

Dear Sir:—Yours of the 30th to hand, enclosing check $450.00 to pay balance of statement on July option, which please accept thanks for same. We will watch your interest in the corn matter, also will act for you when we buy for ourselves. Market closes firmer this evening.

Very respy.,          W. S. MYER & BRO.

Wm. S. Myer.                     Thos. R. Myer.
WESTMINSTER FLOURING MILLS,
*W. S. Myer & Bro., Proprietors.*
WESTMINSTER, MD., Sept. 10th, 1885.
Mr. John Burt, Westminster, Md.,

Dear Sir:—We have delayed writing you before in hopes that we could report some favorable news regards the wheat market; at last we believe the market has reached bottom, it having improved about 2 c. the last few days, and firm. We would like to have your idea how we shall act for you, as we are thinking about making a purchase ourselves in hopes of covering some of our loss.

The corn market has about reached its top, and we can give you to-day 58 c. per bushel for it. If you wish to sell at that price please let us hear from you.

The market closes steady at 88¾ to 89 c. for October wheat.

Very resly.,          W. S. MYER & BRO.

WESTMINSTER, MD., Sept. 11, 1885.

W. S. Myer & Bro.,

Dear Sirs:—The wheat market has been discouraging enough, but that was beyond the control of any. I am disposed to act with you in a purchase for covering some of the loss of past operations, if you think the price has touched bottom.

As to the corn, I had hoped to get 60c., but it does not look much like it unless from a local demand about here. I may buy some stock and feed it up. At all events I will decide in two or three days.

<div align="right">Truly yours,       JOHN BURT.</div>

Wm. S. Myer.            Thos. R. Myer.

WESTMINSTER FLOURING MILLS,

*W. S. Myer & Bro., Proprietors.*

WESTMINSTER, MD., Sept. 12, 1885.

Mr. John Burt, Westminster,

Dear Sir :—We are in receipt of your respected favor of the 11th inst., and same has our careful attention.

The wheat market at present is in such an uncertain condition that it is almost impossible to form an idea how the market will go, though for past few days the market has shown more strength than it has for a month past. The last agricultural report shows a falling off in the Spring wheat crop of 11½ per cent., or a decrease of 6 to 8 millions bushels. Since report of August was made up, this has had a good effect upon the market, and though we now have a visible supply of over 43 million bushs., and with little foreign demand, the market holds steady with a decided upward tendency. Our idea about our October options is to close them out at 89 or 90, and then buy in December against them; we think in this way we will be able to work out of our loss. If you do not instruct us to the contrary, we will do the same for your account. We regret very much that you should

have met with losses on your deals, but of course it has been out of our power for it to be otherwise, the market declining, as it has been a surprise to every one. We trust, however, later on in the season, a foreign demand will spring up, and December wheat will be in demand, and much higher than it now is. The market closed this evening firm at 88⅜ for October; 90¾ for November; 93¼ for December. Regarding the corn you have stored in our elevator, will say, that we will give you 60 c. for it, and start to job it out from elevator. Corn is not worth over 53 to 55, track, Balto., but as there is some little demand here, we think we can get rid of it before the crop comes in. Let us know at once if you wish to sell at this price so we can commence selling it.

Respy. yours, W. S. MYER & BRO.

| | |
|---|---|
| 400—60. | 240 00 |
| Storage | 14 00 |
| | 226 00 Cr. ac. |

WESTMINSTER, MD., Sep. 13, '85.

W. S. Myer & Bro.,

Dear Sirs:—Your favor of yesterday received this morning. I am obliged for your suggestion, and whatever you do for yourselves to recover losses, do the same for me, and advise when, and the amount of money to remit.

Take the corn at 60. I cannot put my hand on the storage receipt to send you, if that is required, but I hope to find it soon, and will then send to you.

Give me credit for the corn, and as I do not know how much I owe you aside from the wheat transaction, you might, when it is convenient, send me statement, including storage of corn. I would like to square up what I may owe by Oct. 1st.

Truly yours, JOHN BURT.

Wm. S. Myer.                              Thos. R. Myer.
WESTMINSTER FLOURING MILLS, ·
W. S. Myer & Bro., Proprietors.
WESTMINSTER, MD., Sept. 15; 1885.
Mr. Jno. Burt, Westminster, Md.,

Dear Sir :—Yours of the 13th to hand. We have credit you with $226.00, as per memo. enclosed. We will follow your instructions as regards to buying for you when we buy for ourselves. We also note your remarks about statement by Oct. 1st. Wheat closes ·this A. M. 89¼ to 89½ for October, and market steady.

Very respy.,                     W. S. MYER & BRO.

Wm. S. Myer.                              Thos. R. Myer.
WESTMINSTER FLOURING MILLS,
W. S. Myer & Bro., Proprietors.
WESTMINSTER, MD., Sept. 21st, 1885.
Mr. Jno. Burt, Westminster, Md.,

Dear Sir :—We have closed out October option to-day at 90 c., as per enclosed memorandum, this will leave a balance to your debit of $550.00.

We also enclose statement of your acct., leaving balance of $326.00 due us.

The market has shown considerable strength in past two days, but as there is no legitimate cause for advance, we concluded to take advantage of the advance and go out of the options we now hold. The market closed steady this evening at October, 89⅞ to 90; November, 93 to 93⅛; December, 95⅝ to 95⅞.

As there is again an increase of 630,000 bush. this week in the visible supply, we look for a break in the market during the week, and trust we will be able to get in on Dec. or Jany. at a much lower figure than it is now quoted. Will keep you posted.

It is very worrying to us that you should meet with such heavy losses, but you can readily see it has been

Burt *vs.* Myer.

out of our power to have it otherwise, or it certainly would have been so. Especially as we are in the same boat with you and to a much larger extent.

<div align="right">Respy. yours,      W. S. MYER & BRO.</div>

<div align="right">WESTMINSTER, MD., Sept. 22, 1885.</div>

W. S. Myer & Bro.,

Dear Sirs :—Your favor with statements just received, and I enclose herewith receipt for balance on book account due me, together with check for difference on Oct. wheat option due you.

I hope that the course you propose will be the means of recovering some at least of our losses. I do not attach any blame at all to you for the unfortunate issue of the speculation. I know that you only wished that I should make.

If what I have had come easy, I would not probably mind it so much, but as it has been mostly made by rather hard knocks, I would like, if possible to get even again. I know you will help me to do so whenever you think the prospect good.

<div align="right">Truly yours,      JOHN BURT.</div>

Wm. S. Myer.          Thos. R. Myer.

<div align="center">WESTMINSTER FLOURING MILLS,<br>
*W. S. Myer & Bro., Proprietors.*</div>

<div align="right">WESTMINSTER, MD., Sept. 23rd, 1885.</div>

Mr. Jno. Burt, Westminster,

Dear Sir :—We are in receipt of your esteemed favor of the 22nd inst., enclosing check $326.00 balancing acct. to date, for which please accept our thanks.

We trust later on to be able to buy wheat of a far off month at a figure that will enable us to make up past losses. The market to-day has been rather unsettled and weak, closing weak at $90\frac{1}{4}$ for October; $93\frac{1}{4}$ for November; 96 for December.

Burt *vs.* Myer.

Will keep you posted on the market, and as soon as we do anything for your acct., will notify you.

Very truly yours,          W. S. Myer & Bro.

Wm. S. Myer.          .          Thos. R. Myer.
WESTMINSTER FLOURING MILLS,
*W. S. Myer & Bro., Proprietors.*
WESTMINSTER, MD., Sept. 28, 1885.
Mr. Jno. Burt,

Dear Sir :—Enclose find statement asked for. We have more timothy seed, which we can sell you at $2.50 per bush. We can sell you fertilizers that we have been selling aside of Whitelock & Slingluff. Gem phosphate 20.00; gem phosphate amon. 24.00; diss. bone. like you got last year, for 34.00 per ton; all of which have given entire satisfaction. Will do as you desire about your wheat.

Very respy.,          W. S. Myer & Bro.

WESTMINSTER, May 4, 1886.
W. S. Myer & Bro.,

Dear Sirs :—I received the statement to-day, and it is satisfactory. I return it receipted, together with storage receipts and your bill against me, per your receipt. You would seem to be entitled to some interest on the latter; if so, add it.

When you see a fit occasion to buy any grain on margin for yourself, please let me know.

I am sorry I cannot get this to you this evening. Will send it early to-morrow morning.

Truly yours,          JOHN BURT.

Burt *vs.* Myer.

WESTMINSTER FLOURING MILLS.

Full Roller }          { W. S. Myer & Bro.,
System.    }          {    Proprietors.
Wm. S. Myer.                  Thos. R. Myer.

WESTMINSTER, MD., May 5th, 1886.

Mr. Jno. Burt, Westminster,

Dear Sir:—Your favor of the 4th inst. to hand, enclosing storage receipt for wheat, and also statement, which we herewith return receipted. The wheat statement we also return, as you keep that. We have to your credit $476.38, which we will send you a check for if you so desire.. We have no confidence in the wheat market, and have not been in a venture since one last with you, but should an opportunity present itself, we shall be very glad to try and get you out along with ourselves.

Very truly,          W. S. MYER & BRO.,
                              Wilson.

WESTMINSTER FLOURING MILLS.

Full Roller }          { W. S. Myer & Bro.,
System.    }          {    Proprietors.
Wm. S. Myer.                  Thos. R. Myer.

WESTMINSTER, MD., May 8th, 1886.

Mr. Jno. Burt, Westminster,

Dear Sir:—Enclosed please find our check for four hundred and seventy-six $\frac{38}{100}$ dollars, in full for balance due you. We shall be pleased to serve you at any time.

Very truly,          W. S. MYER & BRO.,
                              W.

WESTMINSTER FLOURING MILLS.

Full Roller }          { W. S. Myer & Bro.,
System.    }          {    Proprietors,
Wm. S. Myer.                  Thos. R. Myer.

WESTMINSTER, MD., Sept. 11th, 1886.

Mr. John Burt, Westminster, Md.,

Dear Sir:—We purchased this A. M. 10 m. bushs. November wheat at 87½ c. for our own ac., this we think

a very good purchase, and expect to make a good turn in it. We write you to say that if you wish to try it again, to make up losses on your last options, we are willing to let you have 5,000 of it. The market is firm and our last report from Balto. quoted November at 87¾.

From the position the market is now in, with the good foreign demand and bad crop reports from the other side, we consider this a good purchase, and expect to make a turn on it. We leave this option open for your consideration, and if you think well of it and wish to take 5,000 bush. you can let us know Monday.

Very truly yours, W. S. MYER & BRO.

WESTMINSTER FLOURING MILLS.

Full Roller } { W. S. Myer & Bro.,
System. } { Proprietors.
Wm. S. Myer. Thos. R. Myer.

WESTMINSTER, MD., Sept. 13th, 1886.

Mr. John Burt, Westminster,

Dear Sir:—Your valued favor of this morning received by messenger enclosing check for $250.00 as margin, which we have placed to your credit.

Since writing you Saturday, we have received telephone message from Balto. reporting market very firm, but a fraction lower than when we bought—November quoted at 87⅜ to 87½; under the circumstances we do not feel justified in giving you 5,000 of the 10 m. November we have purchased, as the market may be lower to-day. We will, however, watch it closely and endeavor to buy you in 5,000 at less than 87½; if, however, the market continues to strengthen and we cannot buy for you less than 87½ will enter up 5,000 of that already purchased for your account.

Will advise you by this evening's mail what we do. Have not heard from market yet this morning.

Very truly yours, W. S. MYER & BRO.

Burt *vs.* Myer.

WESTMINSTER, MD., Sept. 13, '86.

W. S. Myer & Bro.,

Dear Sirs:—I am in receipt of your favor of the 11th inst. I am willing to defer to your judgment as to the best probable time to buy wheat, and inclose my check.

Truly yours, JOHN BURT.

WESTMINSTER FLOURING MILLS.

| Full Roller System. | W. S. Myer & Bro., Proprietors. |
|---|---|
| Wm. S. Myer. | Thos. R. Myer. |

WESTMINSTER, MD., Sept. 14th, 1886.

Mr. Jno. Burt, Westminster,

Dear Sir:—As yet we have been unable to buy the 5,000 bush. of wheat for you; the market has remained steady and firm for the past 24 hours, at $87\frac{1}{4}$ to $87\frac{1}{2}$ for November. We have been trying to buy it for you at 87 or $87\frac{1}{4}$, but so far have not succeeded; lowest sale $87\frac{3}{8}$. Market closes very firm this evening at $87\frac{1}{4}$ bid, $87\frac{3}{8}$ to $\frac{1}{2}$ asked; hope we will be able to get it to-morrow for you at $87\frac{1}{4}$, if we do not succeed in getting it at this price we buy at the very best figures. It looks as if they had gotten the market down as low as it will go, and we would not be surprised at any time to see a sharp advance. We enclose copy of abstracts New York Produce Exchange; from this you can get an idea of the poor outlook for the foreign crops; amount of wheat exported, &c., &c.

Very truly yours, W. S. MYER & BRO.

WESTMINSTER FLOURING MILLS.

| Full Roller System. | W. S. Myer & Bro., Proprietors. |
|---|---|
| Wm. S. Myer. | Thos. R. Myer. |

WESTMINSTER, MD., Sept. 15, 1886.

Mr. Jno. Burt, Westminster,

Dear Sir:—We succeeded to-day in buying for your ac. to day 5,000 November at 87; this we think a good purchase, and trust you will make a good turn on it.

Burt *vs.* Myer.

Will keep you posted as to the market, and without further instructions from you, handle your option same as if it was our own, closing it out if we see fit at any time without waiting orders from you.

<div style="text-align:right">Truly yours,     W. S. MYER & BRO.</div>

<div style="text-align:right">WESTMINSTER, Sept. 15, 1886.</div>

W. S. Myer & Bro.,

Dear Sirs :—I don't know but that you are showing more solicitude for me than yourselves, in the matter of the wheat option. I am content to leave the thing with you, to use your judgment, and am satisfied that you will do your best to make a successful deal.

<div style="text-align:right">Very truly, yours,     JOHN BURT.</div>

WESTMINSTER FLOURING MILLS.

| Full Roller System. | W. S. Myer & Bro., Proprietors. |
|---|---|
| Wm. S. Myer. | Thos. R. Myer. |

<div style="text-align:right">WESTMINSTER, MD., Sept. 18th, 1886.</div>

Mr. Jno. Burt, Westminster.

Dear Sir :—The market has disappointed us so much in the turn it has taken, that we have not had the courage to write you. The market to-day, however has strengthened up considerably, at an advance of $\frac{1}{2}$ to $\frac{3}{4}$ from the lowest point. November closing firm at 85 to $85\frac{1}{4}$. With the present outlook, we can see no reason why we should not have a very sharp advance.

<div style="text-align:right">Respy. yours,     W. S. MYER & BRO.</div>

WESTMINSTER FLOURING MILLS.

| Full Roller System. | W. S. Myer & Bro., Proprietors. |
|---|---|
| Wm. S. Myer. | Thos. R. Myer. |

<div style="text-align:right">WESTMINSTER, MD., Nov. 2nd, 1886.</div>

Mr. John Burt, Westminster, Md.,

Dear Sir:—We beg to hand you herewith statement of option wheat purchased for your ac., showing a balance due of $12.50.

Burt *vs.* Myer.

We have followed your instructions, and purchased for your ac., 5 m. January wheat, at 85½ c.

We regret very much that the November deal resulted as it has, and trust that we will be able to make up the loss with the January option. Wheat closed up very firm last evening, with 86 c. bid for January.

We trust this will meet with your approval.

Very truly, yours,        W. S. MYER & BRO.

The statement above referred to, ensues as follows:

Mr. John Burt,

In ac. with W. S. Myer & Bro.

1886.

Sept. 16. Bought 5 m. Nov. wheat..... .......87
Oct. 30. Sold 5 m        "           ............ 82

5c.  $250 00
Com. buying and selling ¼ per cent........ ...   12 50

$262 50

CR.

Sept. 13. By cash......... .................... ...........$250 00

Balance ...................................... $12 50

Westminster, Nov. 2, '86.

WESTMINSTER FLOURING MILLS.

Full Roller ⎫           ⎧ W. S. Myer & Bro.,
   System.  ⎭           ⎩       Proprietors.

Wm. S. Myer,

Thos. R. Myer.   WESTMINSTER, MD., Nov. 22, 1886.

Mr. John Burt, Westminster,

Dear Sir:—On the 2nd inst. we wrote you sending ac. of Nov. wheat option, and at the same time notified you that we had purchased for your ac. 5 m. January wheat at 85½, asking you at the same time if it met with your approval to let us know, as yet we have heard nothing

from you. The market closes steady this evening at 86⅛ to 86¼; if you do not wish us to keep option open let us know by return mail, and we will close it out, as it can now be done without a loss to you; we think, however, with the increase export demand and the firm appearance the market has had for the past few days, that this is a good purchase.

<div align="center">Very truly, yours,    ·    W. S. Myer & Bro.</div>

<div align="right">Westminster, Md., Nov. 23, 1886.</div>

W. S. Myer & Bro.,

Dear Sirs:—I have just received yours of the date of the 22nd inst.

I do not want to buy any January wheat, nor do I think of doing so.

<div align="center">Truly yours,      John Burt.</div>

<div align="center">Westminster Flouring Mills.</div>

Full Roller System.      W. S. Myer & Bro., Proprietors.

Wm. S. Myer,

Thos. R. Myer.    Westminster, Md., Nov. 24, 1886.

Mr. Jno. Burt, Westminster, Md.,

Dear Sir:—Your favor of the 23rd inst. to hand, and we must say that we are not a little surprised to hear you do not want the Jan. wheat after the open instructions you have given us to act for you in the option deals, and especially as we notified you when we rendered you the ac. for the Nov. wheat that we had purchased for your ac., 5 m. Jan. at 85½. We, however, beg to state that we have taken the 5 m. Jan. wheat that we had purchased for you, to our own account, leaving no deals open for you.

<div align="center">Very respy, yours,      W. S. Myer & Bro.</div>

The plaintiff offered thirteen prayers; of which the Court granted the first, second, third, tenth, eleventh

and twelfth; and granted the ninth and thirteenth with modifications, (the modifications are not in the record;) and rejected the fourth, fifth, sixth, seventh and eighth. The special contract alleged by the plaintiff is set out in his first prayer. The defendants offered four prayers; the first was granted; the second and fourth were granted with modifications; and the third was rejected. (These modifications are not in the record.) The plaintiff withdrew his tenth prayer. The plaintiff's prayers are as follows:

1. If the jury believe from all the evidence that on the 30th day of April, 1885, an agreement or understanding was had between the plaintiff and defendants, acting through Thomas R. Myer, substantially as set out in the *narr.;* and that the plaintiff, in the faith and on an assurance by defendants that they would buy 5,000 bushels of wheat to be delivered to plaintiff on a day to be specified in the contract of purchase, unless the plaintiff should inform the defendants before said day of delivery that he wished said wheat to be sold; and on the further assurance by defendants, and belief by plaintiff, that they, the defendants, would at the same time when they might buy said 5,000 bushels also buy for themselves and for their own account 10,000 bushels of wheat at the same price paid for said 5,000 bushels; and that in case plaintiff, before the said day of delivery, should inform them that he wished said 5,000 bushels to be sold before said day of delivery, the defendants would sell said 5,000 bushels, and also the said 10,000 bushels to be bought by them for their own account as aforesaid, at the same time and same price, and account to plaintiff for the proceeds of sale of said 5,000 bushels, the plaintiff paid to defendants the sum of $250 on the 30th day of April, 1885, and that on the assurance of defendants, and in the belief by plaintiff that defendants had bought said 5,000 bushels, and also said 10,000

bushels at same time and price, and had sold the same at the same time and price, and that plaintiff had agreed to the sale of said 5,000 bushels before delivery to him, the plaintiff paid to defendants the further sum of $450 on the 30th day of June, 1885. And further find that under the same assurance by defendants and belief by plaintiff, the plaintiff on the 9th day of June, 1885, on account of other 5,000 bushels to be bought and delivered or sold under the same circumstances as aforesaid, paid to defendants the further sum of $250 on the 9th day of June, 1885; and further, that under the assurance by defendants and belief by plaintiff, that they, the defendants, would buy for their own account other 10,000 bushels at same time and at same price with said 5,000 bushels; and further, that on the assurance by defendants and belief by plaintiff, that the defendants had bought said 5,000 bushels and said 10,000 bushels at same time and price, and had sold the same at same time and price, the plaintiff paid to defendants the further sum of $326.01 on the 22d day of September, 1885; and shall find that said several sums of money were paid by plaintiff for the purpose of being applied by defendants to losses sustained by reason and on account of sales having been made by defendants of said several parcels of wheat at same time and prices, and of losses sustained on said sales, and to pay one-third of said losses in the proportion of one-third sustained on account of losses on purchases and sales of 5,000 bushels to —— Brothers, sustained by defendants on purchases and sales of 10,000 bushels on each of said occasions, and also to payment to defendants of one-quarter cent per bushel for each bushel of said parcels of 5,000 bushels each, or and for commissions, or compensation to defendants for purchasing said parcels of 5,000 bushels each, and for their labor and trouble in connection therewith. And shall find that the defendants did not buy said 5,000 bushels

Burt vs. Myer.

for account of plaintiff as aforesaid, and also said 10,000 bushels for their own account on either of the occasions aforesaid, at same time and same price, and did not sell said 5,000 bushels and said 10,000 bushels or either thereof, at the same time and price as aforesaid, that is to say, that defendants did not buy and did not sell at same time and price said first mentioned 5,000 and said 10,000 bushels, and did not buy or sell said secondly mentioned 5,000 and 10,000 bushels at same times and same prices, and that said assurances by defendants were not true and correct, in point of fact, the plaintiff is entitled to a verdict for said sums of money so paid by him, if the jury so find; and the jury may allow interest on each of said sums from the respective times of said payments thereof to the time of verdict rendered.

2. If the jury find the understanding and agreement as set out in the preceding first prayer, and further find that on the 13th September, 1886, the plaintiff paid to defendants $250.00 on account of purchase money, or margin on purchase money of 5,000 bushels of wheat to be bought by defendants for plaintiff, on the same terms, conditions and stipulations in said first prayer set out, and that defendants did not in fact buy said 5,000 bushels for plaintiff, on or under said terms, conditions and stipulations, and find that defendants did buy four several parcels of five thousand bushels of wheat, each for their own account, and that no one of said parcels so bought was bought at the time of the purchase thereof, for account of the plaintiff, as provided in said understanding or agreement, the plaintiff is entitled to recover said sum of $250 so paid on 13th September, 1886, and the jury may allow interest thereon from said day to day of verdict rendered.

3. That if the jury find from the evidence that on April 30th, 1885, the plaintiff authorized the defendants to buy wheat for him in quantities of 5,000 bushels at a

time whenever they bought at the same time and price 10,000 bushels for themselves, and not otherwise, and that plaintiff agreed to pay to defendants a commission of ¼ of one per cent. per bushel for all wheat so bought for him by them, and that defendants undertook and agreed that they would not buy 5,000 bushels for plaintiff, unless they at the same time and price bought 10,000 for themselves; and shall further find that defendants did thereafter, on May 1st, 1885, and June 8th, 1885, respectively buy for plaintiff 5,000 bushels of wheat, and charged the same to plaintiff, and that they represented to plaintiff that they had, on each of said occasions, bought 10,000 bushels for themselves at the same price as that at which they bought for plaintiff; and shall find that the plaintiff on the faith of such representation, (should the jury find it to have been made,) and in the belief that defendants had bought 10,000 bushels for themselves as aforesaid, paid to defendants on account of the purchase of and of the depreciation when sold in the value of said wheat, bought as aforesaid for him, (should the jury so find,) paid to defendants the moneys testified by plaintiff to have been so paid; and shall further find, that in fact the defendants did not, upon either of the said occasions, buy 10,000 bushels for themselves, then the plaintiff is entitled to recover the moneys so paid.

4. If the jury find from the evidence that on the 11th day of September, 1886, the defendants informed plaintiff that they had bought 10,000 bushels of wheat for their own account, and if he so wished they would give him the privilege of purchasing from them 5,000 bushels, parcel of said 10,000, and participating equally with them in the purchase and proceeds of sale thereof, and that the plaintiff accepted said proposal of defendants, and paid to them the sum of $250 on account thereof on 13th September, 1886; and shall find that

Burt *vs.* Myer.

defendants informed plaintiff afterwards, that they would not let him participate equally with themselves in said purchase and sale and proceeds thereof, and that defendants would buy other 5,000 bushels for account of plaintiff instead of the one-half of said 10,000 bushels; and shall find that it was understood and agreed between plaintiff and defendants, that defendants would notify plaintiff of the time when they would buy said 5,000 for his account, and of the price paid therefor immediately on making said purchase; and shall find that defendants did notify plaintiff that they had bought 5,000 bushels for his account on 15th day of September, 1886, and of the price paid for the same and shall find that in fact the defendants purchased four several parcels of 5,000 bushels each in said September, that is to say, two parcels of 5,000 each, constituting the 10,000 bushels first mentioned, and two other parcels of 5,000 each, one on 16th September, 1886, and the other on 17th September, 1886, and that afterwards, on 2nd November, 1886, they, the defendants, rendered an account or statement to plaintiff, in which they stated that they had bought on his account 5,000 bushels of wheat on the 16th day of September, at the market price of that day, and did not inform plaintiff or render an account to him of any purchase for his account of 5,000 bushels on said 15th September, in accordance with their notification to him that they had bought 5,000 bushels of wheat for his account on said 15th day of said September; if the jury find that they, the defendants, did so notify plaintiff, the plaintiff is entitled to recover in this action the said sum of $250 paid by him to defendants on the said 13th day of September, 1886. And the jury may allow interest on said sum from said day of payment thereof until verdict.

5. If the jury believe from all the evidence that the purchase of the same 5,000 bushels of wheat mentioned in the statement or account rendered by defendants to

plaintiff on 2nd November, 1886, as having been made on 16th September, 1886, and sold on 30th October, 1886, was in fact made on 15th September, 1886, as testified by the witness McBriety, and also by Thomas R. Myer, one of the defendants, and shall believe that the sum of $250, mentioned in said statement rendered on 2nd November, was the same money paid by plaintiff to defendants on 13th September, 1886, and that the same when so paid by plaintiff was paid to defendants for the purpose of being applied by them on account of one-half interest in the purchase of 10,000 bushels of wheat made by defendants on 11th of said September, mentioned and referred to in the letter of defendants to plaintiff, dated 11th said September, and in the letter of plaintiff to defendants, enclosing a check for said money, dated on 13th said September, the defendants have given no legally sufficient evidence af authority from the plaintiff to apply said sum of $250 on account of said purchase on said 15th Sept., or on account of any loss resulting from the sale of the same on 30th October, 1886, mentioned in said statement or account rendered by defendants to plaintiff on said 2nd November, and the plaintiff is entitled to recover the same in this action.

6. If the jury believe that the purchase of wheat, mentioned in the last preceding prayer, was in fact made on said 16th day of September, 1886, and that said $250 was paid by plaintiff to defendants on 13th said September for the purpose of being used and applied by defendants to the purchase of an interest of one-half in the purchase of 10,000 bushels of wheat made by defendants for their own account, as set forth in defendants' letter of 11th of said September, the defendants have given no legally sufficient evidence of authority from plaintiff to divert said money from the purpose for which the same was paid to them by plaintiff, and to apply the same to a purchase of wheat on said 16th September, or to a loss

resulting from the sale of wheat purchased on said 16th September by plaintiff, in said diversion and application, and plaintiff is entitled to recover the same in this action.

7. That the defendants having given proof by the defendant, Thomas R. Myer, and by the witness, McBriety, to the effect that the purchase of wheat mentioned and referred to in the preceding fifth and sixth prayers, was in fact made on said 15th September, 1886, and that there was no mistake in respect thereto, and that the letter of defendants to plaintiff on said 15th September, represented truly the transaction of purchase of wheat, and there was no mistake in said letter, or in the facts therein stated in regard to said purchase, they, the defendants, are bound thereby, and are precluded from claiming that said purchase was made on the 16th September, 1886.

8. That defendants having given evidence, by their account rendered on 2nd Nov., 1886, and otherwise, to the effect that the said sum of $250, in the preceding fifth and sixth prayers mentioned, was applied by them to losses on a transaction of purchase of wheat on 16th September, 1886, and sale thereof on 30th October, 1886, are bound thereby, and are precluded from claiming in this case that said sum of money was applied by them to a transaction of purchase of wheat on said 15th September, and loss on sale thereof on 30th October, 1886.

9. If the jury believe that the plaintiff sent to defendants on 13th September, 1886, a check for $250, and that the money was received by defendants on or for said check, and that the same was sent in and by the letter of plaintiff, dated 13th September, 1886, given in evidence, and that the same was in response to the letter of defendants to plaintiff, dated 11th September, 1886, given in evidence, and that said check was sent by plaintiff for the purpose expressed in said letter of defendants, and in said letter

of plaintiff, and that the same was not applied to the purpose expressed in said letters; and shall find that the defendants had no authority from plaintiff, other than by plaintiff's letters of 4th May and 13th Sept., 1886, given in evidence, to appropriate or apply said money on any other account, or to any other purpose than mentioned in said letters of plaintiff, and said letter of defendants, of date of said 11th September, the defendants had no right to use or apply said money to or on account of a purchase of wheat by them on the 15th of September, or the 16th September, 1886, mentioned in the evidence, or to losses resulting from a sale of wheat made by them, or by their authority, on the said 15th September, or said 16th September, or either thereof, but in determining whether there was other authority to make the aforesaid appropriation or application, the jury may consider if there was a prior command or subsequent assent on the plaintiff's part to said application.

11. If the jury believe from all the evidence that on the 13th September, 1886, the plaintiff paid to defendants $250, with the understanding on both parts that the same was to be used and applied on account of an interest in 10,000 bushels of wheat which the defendants had informed plaintiff they had purchased on their own account, but were willing to give plaintiff an interest of one-half; and shall find that it was the understanding of both plaintiff and defendants that said money was paid under the same agreement testified by plaintiff, except as to the purchase by defendants of 10,000 bushels, at same times as purchase of 5,000 bushels for account of plaintiff, and that the conditions and stipulations were same except in regard to said simultaneous purchase of said 10,000 and 5,000 bushels; and shall find that defendants notified plaintiff on 15th Sept., 1886, that they had on that day bought 5,000 bushels said wheat for account of plaintiff, and that by their statement and

account delivered to plaintiff on 2d Novr., 1886, given in evidence, said money was sought to be or was applied on account of purchase, sale, and loss on sale of 5,000 bushels of wheat alleged to have been purchased on 16th said September, the defendants had no right so to apply said money.

12. If the jury shall find, as set out in the last preceding prayer, as to the understanding under which said sum of $250 in said prayer mentioned, was paid by plaintiff on 13th Sept., 1886, and shall find that defendants in fact purchased 5,000 bushels of wheat on account of plaintiff on 16th Sept., 1886, and that defendants did not notify plaintiff of said purchase of said 16th Sept., and that by the statement and account rendered by defendants to plaintiff on said 2d November, 1886, the said sum of $250 was applied on account of purchase and sales on said 16th September; and did notify plaintiff that they had purchased said 5,000 bushels on account of plaintiff on 15th September, 1886, the defendants had no right to apply said sum of money on account of purchase, or loss on sale of 5,000 bushels on said 16th Sept.

13. If the jury find that the defendants bought from plaintiff corn, and were indebted on account thereof on September 22nd, 1885, in the sum of $223.99, on account of purchase money therefor, the plaintiff is entitled in this cause to a verdict for said sum, and the jury may allow interest thereon from said 22d day September, 1885, to time of verdict; provided the jury find that defendants are still indebted as afore stated, but if the jury find against the plaintiff on plaintiff's first and third prayers, and find for the defendants on defendants' second prayer, then they cannot find said indebtedness.

The defendants offered the following prayers :

1. That to entitle the plaintiff to recover in this action, the burden of proof is upon him to show to the satisfaction of the jury the existence of the contract sued on,

and also such a breach thereof as entailed loss upon the plaintiff.

2. The defendants pray the Court to instruct the jury, that if they believe from the evidence in the case that the plaintiff authorized them to purchase wheat for him on margin, from time to time as is set forth in the written correspondence between them and the plaintiff, that has been produced in evidence in this cause, and that in pursuance of and in accordance with said authority, they did purchase the wheat and ultimately sold it and applied the money furnished them by the plaintiff to the payment of the losses and expenses incurred by said plaintiff in said dealings in wheat; and further find that there was no contract between said plaintiff and said defendants respecting the mode in which said dealings in wheat should be carried on, other than that contained in said correspondence, then their verdict must be for the defendants.

3. That if the jury find from the evidence that the plaintiff in making the several transactions in wheat mentioned in the evidence, depended solely upon the judgment of the defendants in the purchase and sale of said wheat, then the plaintiff cannot recover, unless the jury find that the defendants in making said transactions, acted in bad faith, and thereby caused damage to the plaintiff.

4. That if the jury believe from the evidence in the cause, that it was not the intention either of the plaintiff or defendants, that there should be an actual delivery of the wheat purchased on account of the plaintiff, but that it was their mutual intention in such transactions that the difference between the cost of said wheat and the amount realized from the sale of the same should be settled by money, then the plaintiff is not entitled to recover.

The verdict and judgment being against the plaintiff, he appealed.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*Albert Ritchie,* and *William P. Maulsby,* for the appellant.

*Randolph Barton,* and *Charles B. Roberts,* for the appellees.

BRYAN, J., after stating the case as above reported, delivered the opinion of the Court.

It was competent for the jury to find that the defendants had made the contract for dealing in wheat, which is stated in the plaintiff's first prayer, and that they had broken it in the manner therein stated. The questions were fairly left to them by this prayer. It was also competent for the jury to find that the contract for the purchase of wheat by the defendants for the plaintiff was correctly set forth in the written correspondence between them, and that there was no other contract respecting the manner in which the dealings in wheat should be carried on, and that they fulfilled the contract on their part, and that in accordance with plaintiff's letters they had applied the money, which the plaintiff furnished them, to the payment of the losses and expenses incurred by him. In other words, the jury might find that the letters contained the only contract, and that the defendants had performed their part of it. These questions were fairly left to the jury by the defendants' second prayer. The written correspondence contains an authority to the defendants from the plaintiff to apply the price of the corn to his credit in the dealings between them, and shows the application by defendants. Plaintiff's letter, September 13th, 1885, and defendants' letters, September 15th, 1885, and September 21st, 1885, and plaintiff's letter September 22d, 1885. So, on the

hypothesis of the defendants' second prayer, the amount due for the corn was settled. The jury were instructed by the plaintiff's thirteenth prayer, that if they found contrary to this hypothesis they should give the plaintiff a verdict for the price of the corn. The plaintiff's second and third prayers maintain the same view of the contract between the parties as the first. The great contest in the case was about the real nature of this contract. There was evidence which would sustain either of the conflicting theories on the subject, and the result of the controversy depended upon the prevalence of the one or the other of them. The money of the plaintiff was placed in the hands of the defendants upon a contract of some kind; and it cannot be rationally inferred from the proof in the cause that any other contract existed except one of these two just mentioned. It is true that where there is a failure to prove a special contract, the law will imply a contract by the parties to do what *ex æquo et bono* they ought to do; but this implication must be a reasonable deduction from the evidence, and it cannot be made, when the evidence tends to one of two diverse special contracts, and to no other result. If the contract and dealings were truly represented by the written correspondence in evidence, there is another reason why the plaintiff could not recover, besides that mentioned in the defendants' second prayer, and that is, that all these dealings were gambling contracts, which come under the condemnation of the law. *Stewart vs. Schall,* 65 *Md.,* 289. This point is effectively made in the defendants' fourth prayer. The plaintiff's fourth, fifth, sixth, seventh and eighth prayers leave out of view the evidence which tended to prove this feature of the case, and were therefore properly rejected. It may be said, moreover, that they all disregard the evidence in the twelfth bill of exceptions, that in the statement of November 2nd, 1888, the date, September 16th, 1886, as

applied to a purchase of wheat was a clerical error, and that September 15th, 1886, was the true date. And the fifth and sixth prayers misconceive the contract between the parties as shown by the correspondence, which is the only evidence on this particular point. The defendants' letter of September 11th, (Saturday) offered to give the plaintiff a half interest in the purchase of ten thousand bushels of wheat at 87½ on that day; on September 13th (Monday) defendants write to plaintiff that the market was a little lower than on Saturday, and say: "We will, however, watch it closely, and endeavor to buy you in 5,000 at less than 87½; if, however, the market continues to strengthen, and we cannot buy for you less than 87½, will enter up 5,000 of that already purchased, for your account." The plaintiff, on the thirteenth of September, acknowledges the receipt of the letter of the eleventh and says: "I am willing to defer to your judgment as to the best probable time to buy wheat and enclose my check." On the fifteenth of September the defendants inform the plaintiff that they have purchased for his account 5,000 (meaning five thousand bushels of wheat) at 87, being at a less price than the purchase of September eleventh. To this letter the plaintiff replied as follows: "Dear Sirs:—I don't know but that you are showing more solicitude for me than yourselves, in the matter of the wheat option. I am content to leave the thing with you, to use your judgment, and am satisfied that you will do your best to make a successful deal.

Very truly yours."

It is impossible to say that these letters disclose such a contract as is set up in the prayers in question.

There were sixteen bills of exception to the evidence. We have carefully examined them and find no error. Moreover, the admission or rejection of the evidence embraced in these exceptions would not affect the decisive question in the case; that is, whether the contract

was such as maintained by the plaintiff, or such as the defendants allege.

(Decided 17th December, 1889.)

